932 F.2d 980
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry RYDER, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 90-3441.
 United States Court of Appeals, Federal Circuit.
 April 8, 1991.
 
 45 M.S.P.R. 285.
 AFFIRMED.
 Before PAULINE NEWMAN, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Mr. Jerry Ryder appeals from the decision of the Merit Systems Protection Board, No. CH07528910731, affirming his removal from service based on unauthorized use of government time, facilities, and property, and on his past disciplinary record. We affirm.
 
 OPINION
 
 2
 Mr. Ryder states that insufficient weight was given to affidavits submitted to impeach the agency's witnesses. Our review of credibility determinations is limited, and the record as a whole, including the affidavits, contains substantial evidence supporting the Board's credibility determination.
 
 
 3
 Mr. Ryder also states that he was denied due process because of a lack of opportunity to rebut additional evidence submitted by the Air Force. Mr. Ryder's counsel was aware of this evidence before the record closed, although it is unclear when he reviewed it. Mr. Ryder did not show that he was prejudiced, for he does not state what evidence, if any, he was prevented from submitting. Error, if any, has not been shown to be harmful.
 
 
 4
 Mr. Ryder also states that the penalty of removal was so disproportionate as to constitute an abuse of discretion. The administrative judge made a detailed review of the evidence of record and Mr. Ryder's disciplinary history, especially his previous suspension for a similar offense. In light of the entire record, the Board did not abuse its discretionary authority in upholding the penalty of removal.